Okay, we hear counsel in Henderson versus UPMC, Ms. Doyle, Ellen Doyle for plaintiff appellant Mary Henderson and I'd like to reserve six minutes for rebuttal. Oh granted, it's a big chunk of your time but that's your it's your decision. Thank empowers a participant, a beneficiary or a fiduciary to bring declaratory injunctive or seek other equitable relief and it allows that but specifically to enforce title the provisions of title one or to enjoin a there's a question mark at the beginning like the Spaniards do. Your case, your RISA case depends in large part on reading the plans to require UPMC to keep records of and that the employees are entitled for their plans to cover hours worked rather than hours paid. If we don't read the plans that way, if we read the plans to cut to require ultimate payment of hours paid which is what the plans seem to say, what happens to your RISA case? Well your honor that's why I always started with section 50283 of RISA. I think when there is a significant dispute as there is here, there's cases there's a case filed in the federal court under the FLSA, there's a case filed in the state court that UPMC is on notice that there is a major dispute about whether participants hours are being whether compensable time is being compensated. That is a matter of concern for the plan and the participants. What the position of UPMC is that you can cheat your employees out of hours. In fact in their brief they say what we could have an employer that pays only 50% of the hours, 50 hours out of 100 hours that the employees work. They can cheat their workers out of it and there is no relief for the plan administrator or the employees to find out the time that's really an issue. Well I think that is the answer. The it's just depending on the definition of compensation. Suppose the hospital will take the position I'm quite certain that they're paying properly and suppose you know what happened used to happen to me sometimes I'd lose I had a case and maybe you might lose and maybe in the other case the wage case maybe you lose so that could happen in other words the hospital I'm not saying you'll win or lose I don't know but the point of the matter is they must have some reason for doing that what they're doing they're not crazy I mean so maybe you'll lose so shouldn't it depend on the outcome of that case now if they should if the hospital should lose how do we know then they would just won't make the payments that would be due at that point. Well I think the question is do the plan and the participants have a concern that needs to be addressed as a plan as the plan participants so yes the hospital could lose it's also true the participants could win or there could be something in between for example we can't decide we don't have to decide that in this case right because those are the issues that before the state court and the federal court in the Fair Labor Standards Act case and in the wage case under the state law well but we don't the interpretation of the plan is not before this court now is that right? The interpretation of the plan was what what the district court used as one as the case. Yeah but is that before us we don't have the Fair Labor Standards Act case before us and we don't have the state case before us it's all dependent on what the two courts who have those issues are going to do and what you want to do I gather is just protect your position so that if you win then there's something left that you can do it am I interpreting well your honor I'm sorry the question are we in turn am I is my interpretation of what's before us wrong well I think it is your honor because the district court dismissed with prejudice a claim under ERISA for this relief saying it doesn't state a claim for relief to bring an action if we were to hold that if we were to reverse the with prejudice part of the district court's order would you be satisfied well it wouldn't be really enough because really this is relief complimentary for ERISA from the cheating that was done by the employer and for example the FOSA case right now pending it also had the ERISA claims dismissed with prejudice but that case only represents Mr. Myers told me this morning six percent of the affected employees so six percent opted in to the collective you talked about 50283 a few moments ago what what's the basis for well the basis is that section 209 is part of title one so the section 209 obligation is enforceable under 50283 well 209 B the equitable relief is maintaining the records if you don't maintain the records the employer is 50283 by its term says you may enforce the provisions or enjoying a violation of section of the keeping of the records I presume you're seeking more than equitable relief correct well eventually we would like the participants to receive the additional benefits which was also part of our claims but to get there my question is how do you justify relief beyond the equitable relief provided in 502 how do we justify well first we're asked what what's the what's the basis for the compensatory damages you're seeking if 50283 provides for they keep the records of the disputed hours because what they said is one there's no claim for relief under ERISA under 50283 for not keeping the records the only thing you can do is get the Secretary of Labor to slap their hand later maybe they are keeping the records if they have to keep you're assuming that in effect you're right in the other actions maybe you're not well we're assuming that the language of section 209 says for benefits you have required to keep records of benefits that are due or that may become do so under that the benefits clearly may become do and what do you want us to do we'd like you to reverse well do that and do what and say what well and say that one you can state a claim under ERISA section 50283 for a violation of section 209 because the district court said a participant a fiduciary can't sue for that there's no point for us to say that which the statute says I mean that's why I go back to other than preserving your claim if you win one of the two pending suits is there anything more that we really can do that's all right that well we can we can go past the red light all right well I think what we also need is these participant but not mrs. Henderson cuz she's out yeah later a participant can go and seek benefits from the plan but there may be no records of all these years of the benefits they're not keeping the records of what what what's at dispute so the only relief you seek right now is that they maintain the records that's the primary relief now although we also seek the benefits as a accompanying accompanying relief to be in the in the commission case which is the FLSA case these claims are also dismissed so there's no ability for the plan and the participants to be having the records preserved that they need to calculate the benefits let me just add one point six minutes that you've saved so you can come back on that all right yeah why don't you do that okay here why don't we hear what your friend across the aisle says and then you can come back good morning your honor my name is John Myers I represent the the defendants in the case I wanted to first address this issue of the with prejudice yeah miss Henderson is a plaintiff the main plaintiff in a state court action that seeks overtime pay and seeks pay for all of these hours that she claims you work so she she may well prove her case or she may well not prove her case in that she proves her case so if how does she get her Arisa benefits then when she is established as she was entitled to that money she can then go to the plan what's the effect of the dismissal with prejudice why shouldn't it have been without prejudice because it means only that she could not turn around and fit but she cannot turn around and file another claim she be able to turn around and file an Arisa this very claim she she is entitled to establishes that her compensation in the past years should have been higher in fact she will be paid she says you're not keeping those records well then disturbs her and legitimate she says you because you take the position that the after if she's successful to get benefits basis based on work but she says you're not keeping those records your honor yes those are the records were required to keep under the Fair Labor Standards well not not hours worked oh yes hours worked compensation paid a compensation but this whole case your honor we are the fair it's the Fair Labor Standards Act it's a fundamental federal law that requires that we maintain records of all hours that an employee actually works and that we and that an employee is paid that's separate I don't think that she's confessing that you're keeping records based on what you've paid but but the assumption yes well that's what we're required to do and that's what we do but the assumption is that she has now proved her case in the state court okay I don't think she's assuming no I'm saying no if she wins that her concern is if we win that case then we can't turn around and be paid under we can't get our benefits fixed okay if she if she proves somebody's going to have to come up with a number in the state court proceeding yes that's going to have to be based on hours and right that she's going to have to prove that she worked certain a number of hours and that she wasn't paid for it when she has done that then we will have to pay her and at that point in time that becomes w-2 compensation for which she can assert a claim under 502 a maybe we can cut to it are you agreeing that to the extent that it's established that she should have been paid for these additional hours that you will make the contributions you being the hospital to these plans your honor that we would have no alternative but to do that she says you're not keeping the record what I would excuse me she says that they come in early in order to do the work that they have to do that they cut their lunch hours but that the computer works it so that if her lunch hour is cut to 15 minutes that the computer doesn't record that that's the way I read the brief is that true by the way that well there's an automatic deduction but if that our policy is printed in the complaint it's of record it's in this court and the policy that she's states specifically that any employee who works during lunch is obligated to inform a supervisor so they can cancel they have an hour deduction so that's the policy yeah and it's in the complaint but that yeah and it's in the briefs too but that makes it that puts the requirement on the employee and the and the supervisor every time there a nurse is interrupted and said go look at your patient there's a problem then in each such instance the computer hasn't kept those records so how do they how are they able to prove their case later because they're they're responsible to inform their supervisor putting the onus on the employee and and the and the wage and hour division has upheld that that can't the the automatic deduction policy in an opinion letter and a couple courts have upheld it too is not being violative all again she can't prove if she didn't make the request of the supervisor it's not going to get recorded she can't prove she worked she isn't going to get paid if she doesn't get paid she's not entitled to the benefits she's seeking the additional state court claim that she worked time for which she was not compensated then that's correct she would not be entitled because that what that means is we did pay her for her hours work that would be the findings like the same kind of records in that proceeding as well as this I mean ultimately yeah to the extent she's got them to the extent that they're established whether they come in the state court wage proceedings that's correct your honor she if she's if she proves their case there she doesn't need them for a risk a case because I already proved her case how many hours she worked and wasn't paid for she's worried about that's only is so far but if in fact you pay her additional wages because the court orders you in the other proceedings that she's you have this obligation and she's not that's what I'm saying it would not be race judicata yeah why shouldn't it be without prejudice because she's worried that she'll if she wins that she turns around and sues and you'll say oh this has been decided and you'll agree that in a future case you won't use the order in this case in the district court to prevent her from bringing her a wristless suit I agree that we wouldn't and we couldn't it would not be race judicata on a future claim for benefits so there's no harm to making it without well except except it would well your honor here's what we're entitled to the effect to to race judicata effect of the claim that she made and that she's that no only of the claim that she made in this case which is the dismissed claim and that is that she's entitled to bring an action for fiduciary breach based on section 209 a violations that's what it is that she can't let me ask you another question you're not a criminal lawyer again but in the habeas cases I in the habeas cases an issue like this arose with respect to exhaustion of the underlying state cases and this court and the Supreme Court have said there's something called stay and obey a b e y which said okay we can't expect you right now to get the underlying matter resolved but you should stay this case and we will and we've ordered we do that all the time now we've ordered the district courts to stay the underlying action the the habeas action until the let me mention this your honor that this case is one of probably 15 similar cases where where district courts yes that's what I'm getting to the district courts in each of these cases have held in most of them including two in the Western District that you can't bring this type of claim under ERISA that's an issue of law that was decided and we feel that we are and in each of those cases the dismissed with prejudice it has no effect on the future right of that individual to come back and get benefits because and that's what I was about to say we're entitled we are entitled to a decision on the issue of whether there isn't a whether some individual can come back into the district court again and his his pension benefits on hours that he claims he worked but he he didn't so I mean that's what we're entitled on the legal issue that the district court decided we're entitled to an affirmance on that point if the court agrees with the law there now as far as the remedy if it's without prejudice you know that's that doesn't I don't have a great deal of problem with that but on the legal issue that was decided in this case and in all these other cases this is the First Circuit to address these issues that's what we're asking for is for that decision without prejudice to bringing any future claim in the event that there is that there are additional wages paid in these periods I then I would I would have no objection to that that's what that's because she'd be entitled to that that's true so so that as it stands now she can't bring the same suit tomorrow but that if she's got more money coming and you pay her that at that point if for some reason you don't make the contributions to the plans she can sue I have no problem with you I understood that was her main claim on appeal and if if you're willing to accept that I'm not sure we have a problem but we have to go ahead you still have time I want to understand where we are now since it except we didn't because she also the way I read the briefs she's claiming she's entitled to this money because and worship whether she got paid or not as I understand you don't want to give up your judgment because you don't want what appears to be at the fringes but I thought it was at the center any access to compensatory damages because you think it's outside of what 209 and 502 provide and you obviously are concerned I presume about the policy arguments that were raised by the magistrate judge sitting as the district court and what obligations that would have on your plan administrator absolutely your honor that's the issue that I said that I think we would like to have decided at this level what do you want us to decide the legal issues that were decided by the district court which were which were whether the whether the plan administrator has a fiduciary duty to investigate whether or not the pay practices of the employer are correct that's what the plaintiffs are alleging the district court said they do not whether or not the plaintiff has a right to bring a claim under section 209 a of ERISA alleging that there are hours they work that aren't being maintained by the plan administrator those are the issues that the district court decided and I have as I said I have no issue with an order that would that would permit the plaintiff if she prevails and a benefits claim did I know you answer the question so I presume then that what you really want to say is I want to keep my judgment with prejudice as to the legal issues that I perceive but if the issue of some members of the court is whether she'll be able she and others will be able to bring a claim for after a successful presuming visit to state court on the LF LSA claim you'd be willing to go along with that absolutely yes okay thank you we'll hear from the appellant now thank you first I wanted to attest address judge swing away this is an ERISA case there's no compensatory damages available under ERISA so the choices are what that was my question at the beginning because I was confused by by the papers what exactly you were seeking other than the equitable relief if if I understand you now to be saying that what you want is the relief available under 209 that is that they maintain the records then I understand papers were confusing to me that you were seeking something other than that well I think there are two things we are seeking some record-keeping and and the record-keeping is not as easy as they suggest you know that because first of all we don't think the computers program to get the right information into it now and moreover two of these plans are defined contribution plans so participants will be getting the contributions they'd be selecting among various investment selections this is a really complex task to read figure out if you've gotten the money when to go back and try to figure it out and particularly to do it in an individual benefits case later you know the individual benefits case 15 years from now when a participant is actually asking for their benefits because they're ready to retire and they have to go back and try to recreate for each participant will have to do this individually what would I have gotten if they paid my compensation at the right time rather than later when we win a back pay award and then we have to figure out what would I have got where the would that have those investments have been selected I mean this this case calls out for a participant or if we had a non-conflicted fiduciary the non-conflicted part plan administrator you will be concerned about what's happening how they're going to do this. You're standing too close to the mic. I apologize. That's all right well it's just coming out all right so so we have really a need for ERISA or group-wide relief in the ERISA plan it's not going to be resolved by people having to do this individually later and try to recreate for example if we they get the company we win this case in now and they get the compensation after the appeal so it's five years and that compensation goes into their compensation then yeah well then that counts later that's a different period of time than it would have been paid into the plan. But if they get compensation they would get compensation for the period that they hadn't gotten compensation at the time so your recovery in the compensation cases would take care of that. Well I think that the that's what it's nice to hear you say that but we don't know what the plan will say because it says you have to look at the date the compensation was paid and it wasn't paid back then it will be paid later I mean again this is a reason why it shouldn't be done this proceeding should be a complement to the litigation over the fair over the wage fair pay claims. Otherwise people are stuck later in an individual participant by the participant making a claim. What do you want us to say? I gather we can't yeah what tell us what you want us to hold. We decide the prejudice we I think we understand that. We want you to hold that that there you can state a claim under ERISA for relief that for a complementary an action that is complementary to fair wage claims and that requires ERISA fiduciary when it's on no knowledge because it has it's both the employer and the plan administrator to keep the records so that you can these matters can be worked out in the with the ERISA plan and not just left in the Fair Labor Standards Act where these issues aren't the same it's not the exact same thing when you're looking at the ERISA plan and how it calculates benefits and as of what day and when you're looking at the Fair Labor Standards claim or the state wage fine. You want us to impose a duty on the employer to keep for them not for the employee to initiate it but for them of their own regard to keep all of the overtime or whatever because I thought what Mr. Myers had said was all of that information is being kept track of now you know you have your hours paid and if for instance one of the times that you talk about is mealtime if a nurse works during mealtime she tells her supervisor supervisor records it so that in those documents is reflected so if that's being captured now in that form what is it that you want us to do in addition to that. Well first of all that's contrary to the allegations. Ms. Henderson actually went to her supervisor she tried to report the time they took it out even when she tried to report it they have programmed the computers so you can't enter the time that you're actually working so what he's saying is that if an employee knows about this litigation and knows about their obligation they have to keep handwritten notes for the next three years and and Ms. Henderson has left the company so all her time is gone and we're looking at two years back I mean the reason three years to argue is because they want to hear what the court is asking them you're not giving up much opportunity to ask what if I understand what Judge Greenaway said but you said what he said and I don't think it's all the same you want us to question do you want us to hold that UPMC has to keep records based on hours well for is because it's relevant those are the relevant records that would have to be verified and the standard under Section 107 of ERISA is the verification for the hours to get to the right company's the right employee benefits for us to order that and that's what you want that's what I understand they would have to rework their computers based on hours worked although no court in your cases or in the cases that are pending has so far held that that's what the plans require and isn't the issue whether anybody is going to well their plans are different by the way too but I go back to the initial question which is whether the plans whether we should decide that the plans are based or should be based under on the basis of hours worked even though none of the courts pending have yet held that well first of all with the plan language one of the plans uses the compensation but earned rather than compensation for paid well that's the defined benefit I thought there were other aspects to it I myself read it I've seen to me that it was a question of what the cash was it was actually paid reportable on your yeah to look and well that was the definition of compensation but it says in the plan that they have to keep the wreck the they keep the records of the hours of service on compensation yeah so it was it's it's the money that was paid that is why I don't if miss Camisa is it can we see the other the other plaintiff yes that's in the yeah I mean miss Camisa loses her suit and therefore there is no obligation of UPMC to the ERISA suit goes away right well no because we have the state plans well I all right if she loses in both the state case and the Fair Labor Standards Act case there's no ERISA violation right whether there's an ERISA violation will depend on the construction of the plans whether the plans are based on hours worked or hours paid isn't that right well I think that there's a yes or no yes I mean I think it will well the answer is still this decision by the lower court was broader than just saying you look at the language of the plan it said you can't bring an action under 50283 to enforce section 209 that's what it said yeah now that's a very broad ruling to say that there's no enforceable rights even if you knew that the records were wrong or they're shoddy or they're not keeping them that you can't bring an action to enforce it that's a very incredible limitation on section 209 obligation on the ploy to keep the right records I could say here that the it's that the record they are keeping the records but the decision wasn't based on this language there isn't a claim it was that there's no available claim under ERISA 50283 to enforce 209 so the answer to Judge Slover's question is yes well I think of this I think I've said no actually it really is that the decision below was wrong because it so limited the section 209 like it could be to one could get into the definition of compensation but that case went way beyond okay I think we understand your position I hope we understand your position thank you thank you thank you also we'll take the case under advisement